United States District Court
Southern District of Texas

**ENTERED**

March 11, 2026

Nathan Ochsner, Clerk

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| PNC BANK, NATIONAL ASSOCIATION, | § § § § § | |
| Plaintiff. | § § | |
| V. | § § | CIVIL ACTION NO. 3:25-cv-00361 |
| CASTLEWALL ENTERPRISE, LLC, *et al.*, | § § § § § | |
| Defendants. | § | |

**OPINION AND ORDER**

This case has been referred to me for all pretrial purposes. *See* Dkt. 35. Pending before me is Plaintiff PNC Bank, National Association's motion for default judgment. *See* Dkt. 33. It would be inappropriate at this juncture to consider the motion given the unresolved service issues and the fact that default should not have been entered.

PNC instituted this case against Defendants on May 16, 2025. *See* Dkt. 1. Defendants Castlewall Enterprise, LLC and Tanya Bell (Castlewall's registered agent) were served simultaneously at the Bell residence on June 13, 2025. *See* Dkts. 13, 14. Defendant Keith Bell was served on December 2, 2025. *See* Dkt. 25. On February 4, 2026, PNC moved for entry of default against all three defendants. *See* Dkt. 29. PNC did not include a certificate of service for its motion for entry of default. On February 11, 2026, default was entered, even though the record suggests that no defendant was served with PNC's motion for entry of default. On March 10, 2026, PNC filed a motion for default judgment. *See* Dkt. 33.

"Courts generally require that some notice be given to a defendant between the time of initial service of process and entry of default judgment." *Regal Nails, Salon & Spa, LLC v. Ha*, No. 20-14388, 2021 WL 4976529, at *4 (S.D. Fla. Sept. 9, 2021) (collecting cases). The Federal Rules of Civil Procedure require that orders,

pleadings, discovery papers, written motions, written notices, appearances, and similar papers "be served on every party." Fed. R. Civ. P. 5(a)(1). A party is relieved of the requirement to serve these papers on every party only *after* the entry of default. *See* Fed. R. Civ. P. 5(a)(2). That means that until the court has entered default, all motions, notices, and requests must be served on all parties.

Unless and until a party appears through counsel or consents to service via alternate means, the only proper methods for serving a party with a known address who has not yet appeared through counsel and who is not a registered user of the court's electronic-system (which describes each defendant in this case) are by "handing it to the person," "leaving it" at the person's office or usual place of abode, or "mailing it to the person's last known address." Fed. R. Civ. P. 5(b)(2)(A)–(C).

Despite these clear rules, the only document that PNC purports to have served on any party was its Notice of Appearance of Counsel. *See* Dkt. 5. In that document, PNC's counsel, Jeffrey Leaverton, offers one of the most confusing certificates of service this court has ever encountered:

> The undersigned converted the foregoing document into an electronic image, via portable document format (.pdf), electronically submitted same to the Internet web portal for the Clerk of this Court utilizing the Electronic Management and Electronic Case Filing system of the Court, which has caused service, via Simple Mail Transfer Protocol (e-mail), of a Notice of Electronic Filing of this imaged document to the below-identified parties on Thursday, May 22, 2025; said e-mail provides an attributable hyperlink to the document, in portable document format, except for Debtor(s), and any other entity so identified below or on the EM/ECF filing sheet, whereas in that instance such document was mailed via First Class United States Mail, to-wit:
>
> Castlewall Enterprise LLC
> Tanya V. Bell
> Keith Bell
> *Debtors*

*Id.* at 2. The first 100 words of PNC's certificate of service are superfluous. If the court is reading PNC's certificate of service correctly, PNC is stating that its notice of appearance was mailed to each defendant via First Class United States mail. Yet,

Mr. Leaverton does not state that he or anyone at his firm actually mailed the notice to Defendants. It is possible to read the certificate of service as suggesting that a mailing was generated simply because Mr. Leaverton filed his notice with the court's electronic-filing system. But the court does not mail parties' filings to litigants who are not registered with the court's electronic-filing system—that is the responsibility of the litigant filing the document. Because the certificate of service is not written in the affirmative, the court cannot be certain that anyone mailed the notice to Defendants.

But the certificate of service for Mr. Leaverton's notice of appearance is neither here nor there, because Mr. Leaverton did not include a certificate of service for any of his subsequent filings as required by Federal Rule of Civil Procedure 5(d)(1)(B)(i), Local Rule 5.3, and Galveston Division Rule of Practice 6(d). *See* Dkts. 11, 12, 27, 29 (all missing a certificate of service).

Because there is no indication in the record that any defendant has been served with any filing in this case after the initial service of summons—including and especially PNC's motion for entry of default—default should not have been entered against any defendant. Accordingly, the Clerk's Entry of Default (Dkt. 32) is withdrawn.[1]

PNC may apply for a default judgment only after default has been properly entered. *See N.Y. Life Ins. Co. v. Brown*, 84 F.3d 137, 141 (5th Cir. 1996). Because no defendant is yet in default, PNC's motion for default judgment (Dkt. 33) is denied without prejudice as moot.[2]

---

[1] "When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision." Fed. R. Civ. P. 72(a). Setting aside an entry of default is a non-dispositive matter because doing so does not dispose of a party's claim or defense. *See Carey v. Hannah, Kendrix, Zachary & Assocs.*, No. 1:11-cv-1782, 2011 WL 13322458, at *1 n.1 (N.D. Ga. Sept. 2, 2011); *Jou v. Adalian*, No. 09-226, 2009 WL 4798204, *1 (D. Hawaii, Dec. 3, 2009).

[2] Denying PNC's motion for default judgment without prejudice does not dispose of any party's claim or defense. Accordingly, I may rule by order rather than making a recommendation. *See Field v. Exponential Wealth Inc.*, No. 21 Civ. 1990, 2023 WL

PNC must properly serve Defendants with every document that PNC has filed in this case. No further action will be taken in this case until PNC demonstrates to this court that it has served all its filings in this case on Defendants.

SIGNED this 11th day of March 2026.

ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE

---

2263120, at \*7 (S.D.N.Y. Feb. 27, 2023) (denial of motion for default judgment without prejudice is within magistrate judge's authority to order, rather than recommend); *Griffin v. Philips*, No. 4:22-cv-268, 2023 WL 129416, at \*2 (S.D. Ga. Jan. 9, 2023) (same).